JOHN F. MURTHA, ESQ.
**Nevada Bar No. 835**
WOODBURN AND WEDGE
Sierra Plaza
6100 Neil Road, Ste. 500
Post Office Box 2311
Reno, Nevada 89505
Telephone: 775-688-3000
Facsimile: 775-688-3088
jmurtha@woodburnandwedge.com

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| In re: | Case No. BK-12-52323-BTB<br>Chapter 7 |
| CFMI Corporation, | |
| | **STIPULATION TO MODIFY STAY** |
| Debtor. | |
| | **No Hearing Required** |
| _____/ | |

This Stipulation to Modify Stay is entered into by and between John F. Murtha, Esq. on behalf of the Debtor; Alexis Breedlove, Esq. on behalf of State Farm Fire and Casualty Company ("State Farm"); Adam Thames, Esq. on behalf of the Barbour Corporation and the Phoenix Insurance Group; and Albert Miranda, Esq. on behalf of Jackson Plumbing, LLC, and the Hartford Insurance Group, and is based upon the following facts and circumstances:[1]

---

[1] Ms. Breedlove, Mr. Thames, and Mr. Miranda are not licensed to appear before this Court nor have they associated with local counsel for a pro hac vice appearance. Given the very limited purpose for their participation in this case, it is respectfully requested that this Court waive the standard pro hac vice requirements for Ms. Breedlove, Mr. Thames and Mr. Miranda. The Debtor has no objection to their very limited appearance in this case without complying with the pro hac vice requirements.

1.       State Farm has commenced an action in Calcasieu Parish, Louisiana, against Jackson Plumbing, LLC, et. al. (the "Litigation"). A copy of the Petition for Damages is attached hereto as Exhibit 1.

2.       One of the named defendants in the Litigation is The Barbour Corporation ("Barbour"). Barbour is the parent corporation of the Debtor. The Debtor is not named as a party to the Litigation.

3.       The parties to the Litigation with to proceed to arbitrate the matters put to issue in the Litigation, but the parties are concerned the arbitration might be a violation of the automatic stay provisions of 11 USC §362(a) applicable to this case.

4.       The Phoenix Insurance Company, a party to the Litigation, is the insurer of the Barbour Corporation and the Debtor for the damages alleged in the Litigation, subject to the policy's terms, exclusions, and limits of coverage. In an effort to move this matter to arbitration and ultimately toward a resolution, the Phoenix Insurance Company stipulates that there is a policy of insurance that does provide coverage for the alleged damages at issue in the Litigation should liability be proven against the Debtor through arbitration, without the necessity of the Debtor being named in the Litigation or arbitration. This stipulation by The Phoenix Insurance Company and Barbour Corporation does not include a stipulation as to any legal issues of defectiveness or causation, which are specifically denied and which are fully reserved for a hearing, trial, and/or arbitration on the merits.

5.       The Debtor is willing to stipulate to modify the stay for the purpose of allowing an arbitration to proceed in connection with the Litigation so long as the Debtor is not a party to the Litigation, none of the parties attempt to name the Debtor as a party

and none of the parties attempts to establish any sort of a claim against the Debtor, directly or derivatively.

NOW, THEREFORE, it is hereby agreed by and between the undersigned that the automatic stay provisions of 11 USC §362(a) may be modified for the limited purpose of allowing the Parties to the Litigation to arbitrate the matters put to issue by the pleadings in the Litigation, PROVIDED, HOWEVER, nothing in this Stipulation shall be interpreted as modifying the automatic stay to allow the Parties to join the Debtor as a party to the Litigation or to attempt to establish a claim against the Debtor, either directly or derivatively.

Dated this 17th day of January, 2013.

WOODBURN AND WEDGE

By: _____
John F. Murtha, Esq.
Attorney for Debtor

Dated this 17 day of January, 2013.

HANNAH, COLVIN & PIPES, LLP

By: *Alexis Breedlove*
Alexis Breedlove, Esq.
Attorneys for State Farm Fire and Casualty Company

Dated this 17 day of January, 2013.

TAYLOR, PORTER, BROOKS & PHILLIPS, LLP

By: _____
Adam Thames, Esq.
Attorneys for Barbour Corporation and
The Phoenix Insurance Company

Page 3 of 4

Dated this 22 day of January, 2013.

THE HARTFORD FINANCIAL GROUP

By:    _____
Albert Miranda, Esq.
Attorneys for Jackson Plumbing, LLC, and
the Hartford Insurance Company

# EXHIBIT 1

STATE FARM FIRE AND CASUALTY
COMPANY

VERSUS

JACKSON PLUMBING, LLC,
THE BARBOUR CORPORATION  and
THE PHOENIX INSURANCE COMPANY

NUMBER *2012- 3223*  DIV

14ᵗʰ JUDICIAL DISTRICT COURT

PARISH OF CALCASIEU

STATE OF LOUISIANA

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff, STATE FARM FIRE

AND CASUALTY COMPANY, a foreign insurer, authorized to do and doing business in the State

of Louisiana, which respectfully represents the following:

1.

Named defendants herein are:

a)   JACKSON PLUMBING, LLC,  a Louisiana corporation, domicile at 281 N. Post
Oak Rd., Sulphur, LA 70663;

b)   THE BARBOUR CORPORATION, a foreign corporation, domiciled at 1001 N.
Montello Street, Brockton, MA 022305; and

c)   THE PHOENIX INSURANCE COMPANY, a foreign insurer, licensed to do
business in the State of Louisiana,

which are indebted unto plaintiff, for the following, to wit:

2.

At all times pertinent hereto, Ronald and Lori Lazard were the owners of a residence located

at 4202 Maid Stone Drive in Lake Charles, Louisiana (hereinafter referred to as the "Lazard

residence").

3.

On or about July 29, 2011, a water leak occurred at the Lazard residence, resulting in

substantial damage to the premises and its contents.

4.

The preliminary investigation revealed that the water leak originated in a toilet water supply

line manufactured by The Barbour Corporation and was the result of the failure of the plastic

coupling nut of the toilet water supply line.

5.

Additionally/Alternatively, Jackson Plumbing, LLC improperly replaced/repaired/serviced

the toilet water supply line at issue.

RECEIVED
AUG 1 3 2012
BY: 821.7288

6.

Defendant, The Barbour Corporation, is liable unto plaintiff for the following acts of negligence and/or fault:

    a.   Manufacturing, assembling, marketing, and/or selling a product which was unreasonably dangerous in construction or composition;

    b.   Manufacturing, assembling, marketing, and/or selling a product which is unreasonably dangerous in design;

    c.   Manufacturing, assembling, marketing, and/or selling a product which is unreasonably dangerous because an adequate warning about the product was not provided;

    d.   Failure to adequately warn users of the risks/dangers of the product subsequent to acquiring such knowledge;

    e.   Breach of an expressed and/or implied warranty of fitness for a particular purpose; and,

    f.   All other acts of negligence and/or fault that will be shown at the trial of this matter.

7.

Additionally/Alternatively, Jackson Plumbing, LLC, is liable unto plaintiff for the following acts of negligence/fault, to wit:

    a.   Careless, improper, and/or negligent installation of the toilet water supply line and/or its component parts;

    b.   Failure to use proper care and caution under the circumstances;

    c.   Breach of an express or implied warranty of workmanship; and,

    d.   Other acts of negligence and/or omissions which will be made more fully known at the trial of this matter.

8.

At all times relevant hereto, State Farm Fire and Casualty Company had in full force and effect a policy of homeowners insurance covering the Lazard residence and its contents, which provided coverage for the damages sustained as a result of the water leak at issue.

9.

Pursuant to the terms of its insurance policy, State Farm Fire and Casualty Company paid to or on behalf of its insureds, Ronald and Lori Lazard, the sum of SIXTY-NINE THOUSAND SIX HUNDRED SEVENTY-FIVE AND 29/100 DOLLARS ($69,675.29) as a result of the damages caused by the water leak.

10.

Accordingly, State Farm Fire and Casualty Company is subrogated, legally, conventionally and by the terms of its policy, to the rights and interests of its insureds, Ronald and Lori Lazard, to the extent of payments made herein.

11.

As a result of the water leak and associated damages, Ronald and Lori Lazard have suffered a loss in the form of a deductible in the amount of SIX THOUSAND ONE HUNDRED FIFTY-ONE AND NO/100 ($6,151.00) DOLLARS and have assigned to State Farm Fire and Casualty Company the right to recover this amount on their behalf.

12.

At all times relevant hereto, defendant, The Barbour Corporation, was insured under a general liability policy of insurance issued by The Phoenix Insurance Company, rendering The Phoenix Insurance Company solidarily liable for all damages owed to the plaintiff.

13.

Defendants, The Barbour Corporation, Jackson Plumbing, LLC and/or The Phoenix Insurance Company, are liable to plaintiff for the full extent of its damages, the amount of which does not exceed the jurisdiction of this Honorable Court.

14.

Despite amicable demand, defendants have failed to reimburse plaintiff for its damages.

WHEREFORE, plaintiff, State Farm Fire and Casualty Company, respectfully prays that, after all due delays and proceedings are had, there be judgment herein in its favor and against the defendants, The Barbour Corporation, Jackson Plumbing, LLC and/or The Phoenix Insurance Company, for the sum of all damages proven at trial, together with legal interest from the date of judicial demand until paid, and for all costs of these proceedings.

Plaintiff further prays for all general and equitable relief to which it may be entitled.

Respectfully Submitted By:

*alex w Breedlove*
W. Ransom Pipes (No. 17748)
Alexis M. Breedlove (No. 30649)
**HANNAH, COLVIN & PIPES**
2051 Silverside Drive, Ste. 260
Baton Rouge, LA 70808
Phone: (225)766-8240
Fax:    (225)766-5546

A TRUE COPY
Lake Charles, Louisiana
Deputy Clerk of Court
Calcasieu Parish, Louisiana   AUG 1 0 2012

**PLEASE SERVE**
**Jackson Plumbing, LLC**
Through its registered agent:
Blaine A. Doucet
281 N. Post Oak Rd.
Sulphur, LA 70663

**The Phoenix Insurance Company**
through its agent for service:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

**The Barbour Corporation**
1001 N. Montellos Street
P. O. Box 2158
Brockton, MA 02305
**Via the Louisiana Long Arm Statute**